## Caddell v. Board of Education of Williamsburg Independent School Dist. et al.

April 23, 1940.

Flem D. Sampson, Judge.

William R. Henry for appellant.

L. O. Siler for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

This is a friendly suit under the Declaratory Judgment Act, the purpose of which is to obtain judicial approval of a proposed issue of $8,000 in bonds by the Williamsburg Independent School District as authorized by Section 4399-47, Kentucky Statutes. The question as to whether bonds of the district in such sum should be issued was submitted to the voters of the district at the regular election held in November 1939, at which a number of voters largely in excess of a two-thirds majority voted in favor of such issuance. The purpose of the bond issue was to raise sufficient funds to equip a school building in the district, which had been erected largely by federal funds, with heating plant and other necessary apparatus.

By pleading and proof it is shown that such expenditures are necessary for the purposes indicated and that the annual funds of the district raised from other sources were not sufficient to accomplish such purposes; that the election and all requisite preliminary steps for calling and conducting same were in strict conformity with the statutes; that the result of the election has been duly and properly certified and all requisite steps as provided in the statute for the issuance of the bonds as authorized by the election had been taken; that the indebtedness incurred and the levy to be made to pay interest and provide a sinking fund for the retirement of the bonds will not in anywise exceed the limits fixed by the constitution; that the members of the board of education of the district had exercised due regard for its finances and had handled same in a wise and businesslike way and to the best interests of the taxpayers thereof.

The chancellor went into detail concerning all steps taken and held that everything had been done in strict

conformity with the statutes and adjudged that the proposed bond issue and the levy made to pay the interest upon and retire the bonds be approved and that the board of education of the district be empowered and authorized to issue the bonds according to the terms provided; that when issued the bonds would be a legal and binding obligation of the district and that the petition of the taxpayer be dismissed.

Since as above indicated, the chancellor's findings were correct, it is unnecessary to go into further detail. Judgment affirmed.